Argued October 30, 1967, affirmed January 17, 1968

SAFECO INSURANCE COMPANY, *Repondent, v.* CHRISTENSEN, *Appellant.*

436 P. 2d 270

*Carl Burnham, Jr.,* Ontario, argued the cause for appellant. With him on the briefs were Yturri, O'Kief & Cox, Ontario.

*Martin P. Gallagher,* Ontario, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

O'CONNELL, J.

This is a declaratory judgment suit in which plaintiff seeks to determine whether its policy issued to defendant's employer afforded defendant uninsured motorist protection.

Defendant, an employee of Ore-Ida Foods, Inc., while driving a truck owned by the latter, was involved in a collision with another vehicle. Neither the operator nor owner of the other vehicle was covered by liability insurance. Defendant's employer had previously procured a policy from plaintiff. The policy contained an uninsured motorist clause, but the policy excluded all "long haul units" from the uninsured motorist coverage. The truck operated by defendant was a long haul unit.

ORS 736.317 (1) and (2) require that liability insurance policies include uninsured motorist coverage.[1]

---

[1] ORS 736.317 (1) and (2) provide:

"(1) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance or use of a motor vehicle, trailer or semitrailer, shall be issued or delivered in this state with respect to a motor vehicle, trailer or semitrailer registered in this state unless the policy includes the coverage described in subsection (2) of this section.

"(2) The policy referred to in subsection (1) of this section shall provide coverage therein or supplemental thereto, under provisions approved by the State Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of un-

An exception to this requirement is made in ORS 736.317 (3) which reads:

"(3) Subsection (1) of this section does not apply to any policy covering motor trucks as defined in ORS 481.035 where the insured has employes who operate the motor trucks and such employes are covered by workmen's compensation."

Defendant's employer had also taken out a policy issued by Employers Mutual of Wausau which contained a provision entitling each of the employees of Ore-Ida Foods, Inc. to the same benefits as such person would be entitled to receive if he were under the Oregon Workmen's Compensation Act, subject to certain provisions which modified the procedure for presenting and deciding the employee's claim, but did not materially vary the basic protection afforded the employee under the Workmen's Compensation statutes.[2]

Defendant filed his claim for compensation with Employers Mutual of Wausau and his claim was approved and paid. The trial court held that the provision of ORS 736.317 (3) excusing truckers from carrying uninsured motorist insurance if their employees "are covered by workmen's compensation" was satisfied by the Wausau Mutual Policy. We agree.

Defendant contends that the term "workmen's compensation" in ORS 736.317 (3) refers exclusively to

---

insured motor vehicles, trailers or semitrailers because of bodily injury, sickness or disease, including death resulting therefrom. Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of ORS chapter 486."

[2] The procedural modification most seriously affecting the employee's interest is found in the provision requiring disputed questions of the extent of the employee's injury, the termination of his disability, and his right to further medical or hospital treatment to be submitted to arbitration.

the workmen's compensation provisions of ORS ch 656. If we accepted defendant's construction of ORS 736.317 (3), only those truckers who contributed to the Industrial Accident Fund would be excused from providing uninsured motorist coverage and all other truckers, no matter how fully they protected their employees with insurance as a substitute for workmen's compensation under the Act (and thus providing the employee protection justifying the elimination of uninsured motorist insurance) would not qualify for the benefits of the subsection.

We do not think that the legislature intended to so limit the applicability of ORS 736.317 (3). The purpose of the subsection was to relieve truckers of the cost of providing uninsured motorist protection for their employees if the employees were given equivalent protection through "workmen's compensation." When this provision was enacted a substantial number of employers were not contributors to the Oregon Industrial Accident Fund but had provided their employees with a form of "workmen's compensation" either under a plan of self-insurance or through an insurance contract with a private insurer. Under either of these plans the workman was entitled to recover the same benefits as he would receive under the Workmen's Compensation Act although, as the policy issued by Employers Mutual of Wausau demonstrates, the employee's procedural rights might be more limited under private insurance than under the Act.

The legislature knew that these alternative methods of providing workmen's compensation benefits were used in Oregon. We do not think that the legislative purpose was to penalize those truckers who rejected the Act, requiring them to provide uninsured motorist coverage even though they had, through self-

insurance or private insurance, given their employees coverage substantially the same as that provided for under the Act. It is apparent that the legislature intended that the employee should have either the protection of an uninsured motorist clause or a reasonable equivalent in the form of Workmen's Compensation. Whether the employee of a trucker was under the Act or covered by private insurance, the benefits he would be entitled to receive in either case would provide him with protection comparable to uninsured motorist coverage.

■ Defendant argues that if the term "workmen's compensation" is given the meaning we have adopted, ORS 736.317 (3) would be void for vagueness. The subsection is not fatally indefinite if it is possible to determine in each case whether the protection afforded the employee under private insurance is the substantial equivalent of that provided under the Act. We think that this equivalence can be determined.

The decree of the lower court is affirmed.